# **EXHIBIT C**

**Cure Notice**

01:14620830.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CONSTAR INTERNATIONAL HOLDINGS LLC, <u>et al.</u>, | ) ) ) | Case No. 13-13281 (CSS) |
| Debtors.[1] | ) ) ) | Jointly Administered |

**NOTICE TO COUNTERPARTIES TO EXECUTORY
CONTRACTS AND UNEXPIRED LEASES THE DEBTORS MAY
ASSUME AND ASSIGN AS PART OF THE SALE OF
<u>SUBSTANTIALLY ALL OF CERTAIN OF THE DEBTORS' ASSETS</u>**

**PLEASE TAKE NOTICE THAT** on December 23, 2013, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**")[2] filed their *Motion of Debtors for Orders: (I) Approving (A) Bidding Procedures; (B) Bid Protections; (C) Form and Manner of Notices; (II) Scheduling Dates to Conduct Auction and Hearing to Consider Final Approval of Sale, Including Treatment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief; and (IV)(A) Approving Sale of Certain of the Debtors' Assets; (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [Docket No. [●]] (the "**Bidding Procedures Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), which seeks approval of key dates, times, and procedures related to the sale of substantially all of the assets of Constar International U.K. Limited (the "**Purchased U.K. Assets**"). On [●], 2014, the Bankruptcy Court approved the Bidding Procedures. On [●], 2014, the Debtors intend to seek approval of, among other things, the sale of the Purchased U.K. Assets, including the assumption and assignment of certain executory contracts and unexpired leases related thereto.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES IS A COUNTERPARTY TO AN EXECUTORY CONTRACT OR**

---

[1]  The Debtors in these cases along with the last four digits of their federal tax identification number are: Constar International Holdings LLC (1880); Constar Group Holdings, Inc. (3047); Constar Intermediate Holdings, Inc. (4242); Constar Group, Inc. (4281); Constar International LLC (9304); BFF Inc. (1229); DT, Inc. (7693); Constar, Inc. (0950); Constar Foreign Holdings, Inc. (8591); and Constar International U.K. Limited (Foreign). The Debtors' corporate headquarters is located at, and the mailing address for each Debtor is, 1100 Northbrook Drive, 2nd Floor, Trevose, PA 19053.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures, or the Bidding Procedures Order, as applicable. To the extent that there are any inconsistencies between the Bidding Procedures and the summary description of the terms and conditions contained in this Notice, the terms of the Bidding Procedures shall control.

01:14620830.1

**UNEXPIRED LEASE WITH ONE OR MORE OF THE DEBTORS AS SET FORTH ON EXHIBIT A ATTACHED HERETO.**[3]

  **PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures, the Debtors **may** assume and assign to the Stalking Horse Bidder or other Successful Bidder the executory contract(s) or unexpired lease(s) listed on **Exhibit A** attached hereto (each, an "**Assigned Contract**") to which you are a counterparty. The Debtors have conducted a review of their books and records and have determined that the cure amount for unpaid monetary obligations under such Assigned Contract, as of the Petition Date, is as set forth on **Exhibit A** attached hereto (the "**Cure Amount**"). **If you disagree with the proposed Cure Amount, object to the proposed assignment to the Stalking Horse Bidder or other Successful Bidder of the Assigned Contract(s) or object to the Stalking Horse Bidder's or other Successful Bidder's ability to provide adequate assurance of future performance with respect to any Assigned Contracts.** You must file an objection with the Bankruptcy Court so as to be actually received no later than [●] (prevailing Eastern time) on [●], 2014 (the "**Objection Deadline**") and serve such objection on (a) the Office of the United States Trustee for Region 3, serving the District of Delaware; (b) the creditors (excluding insiders) holding the 30 largest unsecured claims against the Debtors, or any official committee of unsecured creditors appointed in these cases, if such committee has been formed; (c) counsel to Wells Fargo Capital Finance, LLC, as Agent Under the Revolving Loan Facility; (d) counsel to Certain Lenders Under the Term Facilities; (e) counsel to the proposed debtor in possession financing facilities; (f) counsel to the Board; (g) all taxing authorities having jurisdiction over any of the assets subject to the Sale, including the Internal Revenue Service; (h) the Environmental Protection Agency; (i) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (j) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (k) all persons or entities known to the Debtors that have or have asserted (including through recorded documents) a lien on, or security interest in, all or any portion of the assets subject to the Sale; (l) all Potential Bidders previously identified or otherwise known to the Debtors; and (m) the Office of the United States Attorney for the District of Delaware (collectively, the "**Notice Parties**").

  **PLEASE TAKE FURTHER NOTICE THAT** the Debtors propose that if no objection to (a) the Cure Amount(s), (b) the proposed assignment of the Assigned Contract(s) to the Stalking Horse Bidder or other Successful Bidder or (c) adequate assurance of the Stalking Horse Bidder's or other Successful Bidder's ability to perform is filed by Objection Deadline, (i) you will be deemed to have stipulated that the Cure Amount(s) as determined by the Debtors is correct, (ii) you shall be forever barred, stopped, and enjoined from asserting any additional Cure Amount under the Assigned Contract(s), and (iii) you will be forever barred from objecting to the assignment of the Assigned Contract(s) to the Stalking Horse Bidder or other Successful Bidder or the Stalking Horse Bidder's or other Successful Bidder's adequate assurance of future performance.

  **PLEASE TAKE FURTHER NOTICE THAT** with respect to any Assigned Contract assumed and assigned to the Stalking Horse Bidder or other Successful Bidder, all Cure

---

[3]  This Notice is being sent to counterparties to executory contracts and unexpired leases. This Notice is **not** an admission by the Debtors that such contract or lease is executory or unexpired.

01:14620830.1

Amounts shall be satisfied by payment of the Cure Amounts as soon as reasonably practicable after closing of the sale to the Stalking Horse Bidder or other Successful Bidder or on such other terms as the parties to each such Assigned Contract and the Stalking Horse Bidder or other Successful Bidder may otherwise agree without any further notice to or action, order, or approval of the Bankruptcy Court.  In addition, the assumption or assignment of each such Assigned Contract may be conditioned upon the disposition of all issues with respect to such Assigned Contract.

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Bidding Procedures, with respect to any Assigned Contract, in the event of a dispute regarding: (a) the amount of any Cure Amount; (b) the ability of the Debtors to assume or assign to the Stalking Horse Bidder or other Successful Bidder such Assigned Contracts; (c) the ability of the Stalking Horse Bidder or other Successful Bidder to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code), if applicable, under such Assigned Contract; or (d) any other matter pertaining to assumption or assignment, the Cure Amounts shall be paid as soon as reasonably practicable following the entry of a final order resolving the dispute and approving the assumption and assignment of such Assigned Contract; **provided**, **however**, that the Debtors may settle any such dispute without any further notice to or action, order, or approval of the Bankruptcy Court.

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE THAT** notwithstanding anything herein, this Notice shall not be deemed to be an assumption, adoption, rejection, or termination of any of the Assigned Contracts. Moreover, the Debtors explicitly reserve their rights, in their sole discretion, to seek to reject or assume or assume and assign any Assigned Contract pursuant to section 365(a) of the Bankruptcy Code, and nothing herein (a) alters in any way the prepetition nature of the Assigned Contracts or the validity, priority, or amount of any claims of a counterparty to an Assigned Contract against the Debtors that may arise under such Assigned Contract, (b) creates a postpetition contract or agreement, or (c) elevates to administrative expense priority any claims of an counterparty to an Assigned Contract against the Debtors that may arise under such Assigned Contract.

Dated:   January [●], 2014
         Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Robert S. Brady (No. 2847)
Sean T. Greecher (No. 4484)
Maris J. Kandestin (No. 5294)
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

Michael J. Sage
Brian E. Greer
Stephen M. Wolpert
Janet Bollinger Doherty
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Proposed Attorneys for the Debtors and Debtors in Possession*

## **EXHIBIT A**

| Counterparty Name | Contract / Lease | Cure Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

01:14620830.1