# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> CONSTAR INTERNATIONAL ) <br> HOLDINGS LLC, et al., ) <br> ) <br> Debtors.[1] ) <br> ) <br> ) | Chapter 11 <br><br> Case No. 13-13281 (CSS) <br><br> Jointly Administered <br><br> Re: Docket Nos. 7 & 60 |

## ORDER AUTHORIZING THE PAYMENT OF WAGE OBLIGATIONS AND PTO BENEFITS IN THE ORDINARY COURSE OF BUSINESS

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for the entry of a final order authorizing them to pay prepetition salaries and wages and to pay and honor other prepetition employee benefits and related obligations; and jurisdiction existing for the Court to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States Court for the District of Delaware dated as of February 29, 2012; and after due deliberation thereon; and the Court having found that good and sufficient cause exists for granting the Motion; and upon consideration of the First Day Declaration, and the files and records in these cases; and upon the record of these cases; and the Court having entered the *Order Authorizing the Payment of Prepetition Wages and Salaries and the Payment and Honoring of Prepetition Employee Policies and Benefits* [Docket No. 60]; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other

---

[1] The Debtors in these cases along with the last four digits of their federal tax identification number are: Constar International Holdings LLC (1880); Constar Group Holdings, Inc. (3047); Constar Intermediate Holdings, Inc. (4242); Constar Group, Inc. (4281); Constar International LLC (9304); BFF Inc. (1229); DT, Inc. (7693); Constar, Inc. (0950); Constar Foreign Holdings, Inc. (8591); and Constar International U.K. Limited (Foreign). The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1100 Northbrook Drive, 2nd Floor, Trevose, PA 19053.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

parties-in-interest; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; it is hereby

ORDERED that the Debtors are authorized, but not directed, to pay cash to the individual employee referenced in footnote 5 of the Motion for outstanding prepetition salary notwithstanding the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code; and it is further

ORDERED that the Debtors, in their sole discretion, are permitted to honor all PTO Benefits to the six (6) employees referenced in paragraph 24 of the Motion in the ordinary course of business notwithstanding the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code; and it is further

ORDERED that the relief granted pursuant to this Order shall not exceed $100,000 in the aggregate for prepetition salary and PTO Benefits exceeding the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code; and it is further

ORDERED that nothing contained in this Order or the Motion shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Order; and it is further

ORDERED that nothing in this Order shall be deemed to increase, reclassify, elevate to administrative expense status or otherwise affect any asserted obligations to the extent any amounts authorized for payment herein are not paid; and it is further

01:14693289.2

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived; and it is further

ORDERED that this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: January 9, 2014
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE