IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| CONSTAR INTERNATIONAL HOLDINGS LLC, et al., | Case No. 13-13281 (CSS) |
|  | Jointly Administered |
| Debtors.[1] | |
|  | Re: Docket Nos. 74, 128 & 129 |

**ORDER (I) APPROVING (A) BIDDING PROCEDURES; (B) BID PROTECTIONS; (C) FORM AND MANNER OF NOTICES; (II) SCHEDULING DATES TO CONDUCT AUCTION AND HEARING TO CONSIDER FINAL APPROVAL OF SALES, INCLUDING TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 74] (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Bidding Procedures Order**") approving Bidding Procedures, substantially in the form attached to the Motion as **Exhibit B**, and the sale of the Purchased U.K. Assets; and upon the Amendment to the Motion [Docket No. 128] (the "**Amendment**"); and upon the First Day Declaration; and upon the Declaration of Alexander W. Stevenson in support of the Motion and the Amendment [Docket No. 129]; and the Bankruptcy Court having reviewed the Motion and the Amendment and having heard the statements in support of the relief requested therein at a hearing before the Bankruptcy Court (the "**Hearing**"); and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and the Amendment and at the Hearing establish just

---

[1] The Debtors in these cases along with the last four digits of their federal tax identification number are: Constar International Holdings LLC (1880); Constar Group Holdings, Inc. (3047); Constar Intermediate Holdings, Inc. (4242); Constar Group, Inc. (4281); Constar International LLC (9304); BFF Inc. (1229); DT, Inc. (7693); Constar, Inc. (0950); Constar Foreign Holdings, Inc. (8591); and Constar International U.K. Limited (Foreign). The Debtors' corporate headquarters is located at, and the mailing address for each Debtor is, 1100 Northbrook Drive, 2nd Floor, Trevose, PA 19053.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

cause for the relief granted herein; and upon all of the proceedings had before the Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is hereby;

**FOUND, CONCLUDED AND DETERMINED THAT**:

A. The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Bankruptcy Court has jurisdiction over the Motion and the transactions contemplated by the Debtors and any Successful Bidder pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C. The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 364, and 365 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), (ii) Bankruptcy Rules 2002(a)(2), 6004, 6006, and 9014, and (iii) Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

D. Good and sufficient notice of the Motion and the Amendment and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the hearing (the "**Sale Hearing**") of the Bankruptcy Court to consider, among other things, the sale of the Purchased U.K. Assets and the sale of the assets or equity interests of Constar Holland (the "**Purchased Holland Assets**"). A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

E.      The Debtors' proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the sale of the Purchased U.K. Assets and Purchased Holland Assets, the Bidding Procedures to be employed in connection therewith, and the Sale Hearing.

F.      With respect to Constar U.K. only, the Cure Notice (defined below) attached to the Debtors' Motion as **Exhibit C** is reasonably calculated to provide all non-Debtor counterparties (the "**Contract Parties**") to the Debtors' executory contracts and unexpired leases (each a "**Contract or Lease**" and, collectively, the "**Contracts and Leases**") with proper notice of the potential assumption and assignment of their Contract or Lease and any cure amounts relating thereto and will be served on such Contract Parties in accordance with Paragraph 11 hereof; **provided, however**, that the mere listing of any Contract or Lease on the Cure Notice does not require or guarantee that such Contract or Lease will be assumed and assigned, and all rights of the Debtors with respect to such Contracts and Leases are reserved.

G.      The Debtors have articulated good and sufficient reasons for the Bankruptcy Court to: (i) approve the Bidding Procedures; (ii) set the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing; (iii) approve the procedures for the assumption and assignment of certain Contracts and Leases (collectively, the "**Assigned Contracts**"), including notice of proposed cure amounts; and (iv) approve the "**Bid Protections**."

H.      The entry of this Bidding Procedures Order is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest.

I.      The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Purchased U.K. Assets and Purchased Holland Assets.

J.   The Bid Protections set forth in the Bidding Procedures shall be paid in accordance with the Bidding Procedures, and (i) if triggered, shall be deemed an actual and necessary cost and superpriority administrative expense of preserving the Debtors' estates, within the meaning of sections 364(c)(1) and 503(b)(1) of the Bankruptcy Code, (ii) are reasonable and appropriate, particularly in light of the size and nature of the sale and the efforts that have been or will be expended by any Stalking Horse Bidder notwithstanding that the proposed sale is subject to higher or otherwise better offers for the Purchased U.K. Assets and Purchased Holland Assets, (iii) were negotiated by the parties at arm's-length and in good faith, and (iv) are necessary to ensure that any Stalking Horse Bidder would continue to pursue its proposed acquisition of the Purchased U.K. Assets and/or the Purchased Holland Assets.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The relief requested in the Motion as it relates to the Bidding Procedures, the Bid Protections, and the scheduling of, and notice to be approved with respect to, the sale process, the Auction, and the Sale Hearing, is granted and approved as set forth in this Bidding Procedures Order.

2.   Any and all objections and responses to the Motion that have not been withdrawn, waived, settled, or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3.   The Bidding Procedures attached hereto as **Exhibit 1** are hereby approved in their entirety. The Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures.

4.   The Debtors may pursue a sale of the Purchased U.K. Assets and Purchased Holland Assets by conducting an Auction in accordance with the Bidding Procedures.

5.     The Auction shall take place on February 6, 2014 at 1:00 p.m. (prevailing Eastern Time) at the offices of counsel for the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036, or such other place and time as the Debtors shall notify all Qualified Bidders, including any Stalking Horse Bidder, any Stalking Horse Bidder's counsel, legal and financial advisors to any statutory committee appointed, and other invitees. The Sale Hearing shall be held before the Bankruptcy Court on February 10, 2014 at 12:00 p.m. (prevailing Eastern time).

6.     Objections, if any, to the sale of the Purchased U.K. Assets and Purchased Holland Assets and the transactions contemplated by the applicable asset purchase agreement, or the relief requested in the Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware (or filed electronically via CM/ECF with the Bankruptcy Court) on or before 4:00 p.m. (prevailing Eastern time) on February 7, 2014 (the "**Sale Objection Deadline**"); and objections, if any, to the conduct of the Auction and/or the selection of the highest or otherwise best Bid at the Auction must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Delaware (or filed electronically via CM/ECF with the Bankruptcy Court) on or before 4:00 p.m. (prevailing Eastern time) on February 7, 2014 (the "**Auction Objection Deadline**"); and any such objections must be served such that they are actually received by the Sale Objection Deadline or the Auction Objection Deadline, as the case may be, by: (a) the Debtors, 1100 Northbrook Drive, Trevose, Pennsylvania 19053, Attn: J. Mark Borseth; (b) counsel to the Debtors, Dechert LLP, 1095 Avenue of the Americas, New York, NY 10036, Attn: Michael J. Sage (michael.sage@dechert.com), Brian E. Greer (brian.greer@dechert.com), and Stephen Wolpert

(stephen.wolpert@dechert.com) and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801, Attn: Robert Brady (rbrady@ycst.com) and Sean Greecher (sgreecher@ycst.com); (c) financial advisors to the Debtors, Lincoln International LLC, 360 Madison Avenue, 21st Floor New York, NY 10017, Attn: Alexander Stevenson (astevenson@lincolninternational.com) and Jason Solganick (jsolganick @lincolninternational.com); (d) counsel to the Official Committee of Unsecured Creditors, Brown Rudnick LLP, Seven Times Square, New York, NY 10036, Attn: H. Jeffrey Schwartz (jschwartz@brownrudnick.com) and Bennett S. Silverberg (bsilverberg@brownrudnick.com); (e) counsel to any Stalking Horse Bidder, Qualified Bidders, or known Potential Bidders; (f) counsel to the Agent Under the Revolving Loan Facility, Otterbourg, P.C., 230 Park Avenue, New York, New York 10169, Attn: Andrew M. Kramer; and (g) counsel to the Term Lenders, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 6054, Attn: Patrick J. Nash and 601 Lexington Avenue, New York, New York 10022, Attn: Brian E. Schartz.

7. The notice of the proposed sale of the Purchased U.K. Assets and Purchased Holland Assets, substantially in the form attached to the Debtors' Motion as **Exhibit D** (the "**Sale Notice**"), is hereby approved.

8. Within three (3) business days of this Bidding Procedures Order, the Debtors shall serve by first class mail, postage prepaid, copies of: (i) this order; (ii) the Bidding Procedures; (iii) the Motion; (iv) the Sale Notice; and (v) the Cure Notice, upon: (a) the Office of the United States Trustee for Region 3, serving the District of Delaware; (b) counsel to the Official Committee of Unsecured Creditors; (c) counsel to Wells Fargo Capital Finance, LLC, as Agent Under the Revolving Loan Facility; (d) counsel to Certain Lenders Under the Term Facilities; (e) counsel to the proposed debtor in possession financing facilities; (f) counsel to the Board; (g) all

taxing authorities having jurisdiction over any of the assets subject to the Sale, including the Internal Revenue Service; (h) the Environmental Protection Agency; (i) the state/local environmental agencies in the jurisdictions where the Debtors own or lease real property; (j) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; (k) all persons or entities known to the Debtors that have or have asserted (including through recorded documents) a lien on, or security interest in, all or any portion of the assets subject to the Sale; (l) all Potential Bidders previously identified or otherwise known to the Debtors; and (m) the Office of the United States Attorney for the District of Delaware (collectively, the "**Notice Parties**").[3]

9. Not later than five (5) business days after entry this Bidding Procedures Order, the Debtors shall cause the Sale Notice to be published in the <u>Financial Times</u>, pursuant to Bankruptcy Rule 2002(1). Such publication notice shall be sufficient and proper notice to any other interested parties.

10. The notice of potential assumption and assignment of the Contracts and Leases (with respect to Constar U.K. only), substantially in the form attached to the Debtors' Motion as **Exhibit C** (the "**Cure Notice**"), is hereby approved.

11. With respect to Constar U.K. only, on or before five (5) business days after the entry of this Bidding Procedures Order, the Debtors shall file with the Bankruptcy Court and serve by first-class postage-prepaid the Cure Notice on all Contract Parties and their counsel who have filed notices of appearance in the Chapter 11 Cases. The Cure Notice shall identify the Contracts and Leases and provide the corresponding cure amounts that the Debtors believe must be paid to cure all prepetition defaults under the Contracts and Leases to the extent required by section 365 of the Bankruptcy Code.

---

[3] The Sale Notice will direct parties to contact Dechert, counsel to the Debtors, for more information and will provide that any party that wishes to obtain a copy of any related document (subject to any necessary confidentiality agreement) may make such a request in writing to Prime Clerk, the Debtors' claims agent.

12. With respect to Constar U.K. only, unless the Contract Party to any Contract or Lease files an objection to its scheduled cure amount or to the assumption and assignment of a Contract or Lease and serves a copy of the such objection **so as to be actually received no later than the Contract Objection Deadline** by the Notice Parties, such Contract Party shall be forever barred and estopped from objecting (a) to the cure amount and from asserting that any additional amounts are due or defaults exist, (b) that any conditions to assumption and assignment must be satisfied under such Contract or Lease before it can be assumed and assigned or that any required consent to assignment has not been given, or (c) that the Successful Bidder (including any Stalking Horse Bidder) has not provided adequate assurance of future performance.

13. In accordance with the Bidding Procedures, promptly following the Debtors' selection of the Successful Bid and the conclusion of the Auction, the Debtors shall announce the Successful Bid and Successful Bidder and shall file with the Bankruptcy Court a notice of the Successful Bid and Successful Bidder.

14. With respect to Constar U.K. only, in the event of a timely filed objection and dispute regarding: (a) any cure amount with respect to any of the Contracts and Leases; (b) the ability of the Successful Bidder (including any Stalking Horse Bidder) to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code, if applicable, under any of the Contracts and Leases; or (c) any other matter pertaining to assumption or assignment of any of the Contracts and Leases, the cure amount shall be paid as soon as reasonably practicable after the Closing, in accordance with the applicable asset purchase agreement following the entry of a final order resolving the dispute and approving the assumption and assignment of such Contract or Lease; **provided, however,** that the Debtors

(consistent with the applicable asset purchase agreement) are authorized to consensually resolve with an applicable counterparty any dispute regarding the amount of any cure amount or assignment to the Successful Bidder (including any Stalking Horse Bidder), without any further notice to or action, order, or approval of the Bankruptcy Court.

15. With respect to Constar U.K. only, no later than five (5) business days after the Closing Date, the Debtors will file a complete list of the Contracts and Leases that were assumed and assigned as Assigned Contracts as of the Closing Date in connection with the Sale.

16. The Auction and/or Sale Hearing may be continued by the Debtors from time to time without further notice to creditors or other parties-in-interest other than by announcement of said continuance before the Bankruptcy Court on the date scheduled for such Sale Hearing in the hearing agenda for such hearing; **provided, however,** that the Debtors shall file with the Bankruptcy Court notice of any continuance of or change to the Auction; **provided, further,** that if the Stalking Horse Bidder is the Successful Bidder, the Sale Hearing shall not be adjourned (unless extended with the express written consent of the Stalking Horse Bidder).

17. The Bid Protections are hereby approved and authorized and, with respect to Constar U.K., binding upon the Debtors and their estates as a "superpriority" administrative expense (subject only to the Carve-Out as defined pursuant to any applicable order approving debtor in possession financing (a "**DIP Order**") and in accordance with the terms of paragraph 20 hereof). The Debtors' obligation to pay the Bid Protections shall survive termination of the asset purchase agreement between the Debtors and the Stalking Horse Bidder and shall be payable as provided in the applicable asset purchase agreement. The Debtors are authorized and directed to pay the Bid Protections to the Stalking Horse Bidder in accordance with the terms of the applicable asset purchase agreement without further order of the Bankruptcy Court.

18. Except for a Stalking Horse Bidder, no other party submitting an offer or Bid or a Qualified Bid shall be entitled to any expense reimbursement or breakup, termination, or similar fee, or postpetition claim, including any administrative expense claim or substantial contribution claim under section 503 of the Bankruptcy Code or otherwise, unless the Debtors and the Stalking Horse Bidder (in each of their sole discretion) expressly agree otherwise, and by submitting a Bid, a Bidder (other than a Stalking Horse Bidder) shall be deemed to waive any right with respect thereto.

19. The Debtors' obligations under this Bidding Procedures Order, the provision of this Bidding Procedures Order, and the obligations to pay the Bid Protections shall survive confirmation of any chapter 11 plan or discharge of claims thereunder and shall be binding upon the Debtors, and the reorganized or reconstituted Debtors, as the case may, after the effective date of a confirmed plan or plans in these chapter 11 cases (including any order entered after any conversion of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code).

20. Notwithstanding anything to the contrary contained herein, (a) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any DIP Order, and (b) any claim for which payment is authorized pursuant to this Bidding Procedures Order that is treated as a "superpriority" administrative expense of the Debtors' estates shall be treated junior to any and all claims, liens, security interests, and priorities granted to the DIP Agents (as defined in the DIP Order) in accordance with and subject to the terms of the applicable DIP Order, all subject to the Carve-Out (as defined in the applicable DIP Order).

21. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to take any and all steps necessary, including the exercise of stock powers or any other actions to be

taken under the organizational documents of Constar Holland, to authorize the sale of the assets to Constar Holland to the bidder that the Debtors determine, in their business judgment, submits the highest and best offer for those assets.

22. The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived, and this Bidding Procedures Order shall be effective immediately upon its entry.

23. All time periods set forth in this Bidding Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Bidding Procedures Order.

25. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Bidding Procedures Order.

Dated: January 10, 2014
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE