UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CAPSULE INTERNATIONAL<br>HOLDINGS LLC, *et al.*<br><br>Debtors.[1] | CASE NO. 13-13281 (CSS)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**Objection Deadline: September 8, 2014<br>at 4:00 p.m. (Eastern Time)**<br><br>**Hearing Date: September 15, 2014<br>at 11:00 a.m. (Eastern Time)** |

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION PURSUANT 11 U.S.C. §§ 328(a) AND 1103(a) TO EMPLOY DIAMOND MCCARTHY LLP AS SPECIAL LITIGATION COUNSEL UNDER A CONTINGENCY FEE AGREEMENT AND GRANTING A LIMITED WAIVER OF THE LOCAL RULES PURSUANT TO DEL. BANKR. L.R. 2014-1(c) AND 2016-2(h)

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases, hereby requests authority to employ Diamond McCarthy LLP ("Diamond McCarthy" or the "Firm") as special litigation counsel on a contingency fee basis pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In addition, pursuant to Local Rules 2014-1(c) and 2016-2(h), the Committee requests that the requirements set forth in 2014-1(c) and 2016-2(f) to disclose the employment of experts and

---

[1] The Debtors in these cases along with the last four digits of their federal tax identification number are: Capsule International Holdings LLC (1880); Capsule Group Holdings, Inc. (3047); Capsule Intermediate Holdings, Inc. (4242); Capsule Group, Inc. (4281); Capsule International LLC (9304); Capsule DE I, Inc. (1229); Capsule DE II, Inc. (7693); Capsule PA, Inc. (0950); Capsule Foreign Holdings, Inc. (8591); and Capsule International U.K. Limited (Foreign).

other professional persons by Diamond McCarthy in connection with the investigation and prosecution of potential litigation claims be excused to the extent it may reveal confidential litigation strategy or privileged information.

In support of this Application, the Committee submits and incorporates by reference the Declaration of Allan B. Diamond (the "Diamond Declaration"), attached hereto as Exhibit "A" and respectfully represent as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue for these Chapter 11 Cases is proper under 28 U.S.C. §§ 1408 and 1409.

### Background

2. On December 19, 2013, the Debtors commenced their cases by filing petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware.

3. On January 6, 2014, pursuant to Bankruptcy Code Section 1102(a)(1), the Office of the United States Trustee appointed the Committee.

4. On February 26, 2014, this Court entered orders approving the employment of Brown Rudnick LLP ("Brown Rudnick") and Gellert Scali Busenkell & Brown, LLC ("GSBB") as co-counsel for the Committee.

5. On July 11, 2014, the Committee filed the Committee's Investigative Report which presents the results of the Committee's extensive investigation in these cases under seal.[2]

---

[2] On July 25, 2014, the Court entered the *Order Authorizing The Official Committee of Unsecured Creditors to File Under Seal Investigative Report with Respect to Certain Claims and Causes of Action Held by the Debtors' Estates* (Docket No. 622) authorizing the Committee to file the Committee Investigative Report under seal.

The facts presented in the Committee's Investigative Report support potential litigation claims as more fully described on pages 90 through 93 of the Committee Investigative Report that could provide significant recoveries to the Debtors' estates and their creditors. Accordingly, the Committee seeks to employ Diamond McCarthy as special litigation counsel on a contingency fee basis to investigate (including pursuant to Bankruptcy Rule 2004) and pursue litigation claims as set forth in the Fee Engagement Agreement being filed under seal contemporaneously with this application and fully incorporated and made a part of this application (the "Engagement Agreement").

6. Also contemporaneously with the filing of this Application, the Debtors have filed a similar application to retain Diamond McCarthy as special litigation counsel (the "Debtors' Application") on similar terms regarding certain separate litigation claims belonging to the Debtors and their estates, in addition to the litigation claims to be jointly prosecuted with the Committee. The Committee, Debtors and their counsel have worked together with Diamond McCarthy to coordinate employment of the firm to pursue all the potential litigations claims that the Committee and the Debtors separately and the Committee and Debtors together, may hold or have standing to pursue for the benefit of the estate and creditors as detailed in this Application and the Debtors' Application.

### Diamond McCarthy's Proposed Service as Special Counsel

7. Diamond McCarthy will serve as the Committee's special litigation counsel in the investigation (including pursuant to Bankruptcy Rule 2004), analysis and potential pursuit of all appropriate claims against the target entities detailed in the Engagement Agreement, including, without limitation, parties, entities and persons with potential liability arising from the facts developed in the Committee's Investigative Report.

3

8. Diamond McCarthy has agreed to represent the Committee on a contingency fee arrangement on all the claims and potential claims, which are collectively referred to as the "Contingency Litigation Claims".

### Reason for Selection

9. Diamond McCarthy possesses the requisite resources and is highly qualified to serve as the Committee's special litigation counsel in pursuing the Contingency Litigation Claims.

10. Diamond McCarthy's professionals specialize in representing fiduciaries, including bankruptcy trustees and committees, in large and complex bankruptcy and litigation cases around the country. Diamond McCarthy served as lead trial counsel for various parties having significant roles in the Enron/LJM2, Parmalat, Livent, Bayou Funds, Dreier, LLP, USA Commercial Mortgage, Diversified Lending Group, Inc., Equipment Acquisition Corp., Bank United and the Syntax-Brillian cases, among many others, involving complex fraud, Ponzi schemes, accounting, legal and other malpractice and bankruptcy related claims for which Diamond McCarthy recovered substantial amounts for its clients.

11. Mr. Diamond, who will lead the Committee's litigation team, is a renowned trial lawyer with more than three decades of complex commercial litigation, class actions and business insolvencies. His team is specifically skilled in the prosecution of litigation arising in and from insolvency proceedings.

12. The Committee believes that Diamond McCarthy is well-qualified and uniquely able to serve as its litigation counsel in these cases. Diamond McCarthy's extensive litigation background with the specific types of claims likely to be at issue in these cases will be invaluable in assessing the options for maximizing the return to creditors in these cases. The Committee respectfully submits that employing Diamond McCarthy as its special litigation counsel would

best serve the interests of the estates as well as their creditors.

## Proposed Fee Agreement

13. The Committee's proposed employment of Diamond McCarthy is detailed in the Engagement Agreement which is being filed contemporaneously herewith under seal.

## Basis for Relief

14. The Committee hereby requests approval of the Agreement, and all of its terms, pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) authorizes a committee, with the Court's approval, to employ a professional person "on any reasonable terms and conditions of employment, including . . . on an hourly basis . . . or on a contingent basis." 11 U.S.C. § 328(a).

15. The Committee submits that the Engagement Agreement is reasonable in light of the potential costs of prosecuting the Contingency Litigation Claims and the risks of litigation. The Committee and Diamond McCarthy anticipate the development and prosecution of the Contingency Litigation Claims will take a substantial investment of professional time. Furthermore, the Committee believes the Engagement Agreement will create appropriate incentives for Diamond McCarthy to vigorously pursue prosecution of the Contingency Litigation Claims and seek to obtain the highest recovery possible.

16. The Committee submits that the terms of the Engagement Agreement, which were negotiated at arms-length, are reasonable and appropriate. *See generally In re Avado Brands, Inc.*, No. 07-11276-MFW, D.I. 939, 962 (Bankr. D. Del. Oct. 23, 2008) (approving a 33.33% contingency fee arrangement for the prosecution of claims on behalf of debtors); *In re Fruit of the Loom, Inc.*, No. 99-04497-PJW, D.I. 1520, 1578 (Bankr. D. Del. Oct. 25, 2000) (approving a 40% contingency fee arrangement for the prosecution of claims on behalf of debtors).

17. In addition, the Committee expects that Diamond McCarthy may employ various experts and other professional persons in the course of litigating the Contingency Litigation Claims. Pursuant to Local Rules 2014-1(c) and 2016-2(h), the Committee requests that the

requirement set forth in 2014-1(c) and 2016-2(f) to disclose such employment of experts and other professional persons be excused to the extent it may reveal confidential litigation strategy or privileged information.

### Disinterestedness

18. Except as set forth in the Diamond Declaration filed herewith and to the best of Mr. Diamond's knowledge, information and belief, (i) Diamond McCarthy does not have any disqualifying connections with the Debtors, their creditors, or with any parties in interest, or with their attorneys and accountants, or with the office of the United States Trustee, or with any person employed in the office of the United States Trustee which would preclude employment, and (ii) does not now hold or represent any interest materially adverse to the interests of the estate or of any class of creditors or equity security holders.

### Notice

19. Notice of the relief requested in this Application has been provided by first class mail to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtors; and (iii) all those required to receive notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice need be provided.

### Conclusion

20. The Committee believes it is in the best interest of the estates and creditors that Diamond McCarthy be employed to provide the services set forth above and that approval of the employment terms described herein and in the Engagement Agreement is appropriate under the circumstances of these cases.

WHEREFORE, the Committee requests that the Court:

1. Enter an order authorizing the employment of Diamond McCarthy as the Committee's special litigation counsel herein under the terms set forth in the Engagement

Agreement;

2.       To approve the Engagement Agreement, including contingency fee and other employment terms described in the Engagement Agreement, pursuant to 11 U.S.C. § 328(a);

3.       Waive the requirements set forth in 2014-1(c) and 2016-2(f) for Diamond McCarthy to disclose the employment of experts and other professional persons to the extent it may reveal confidential litigation strategy or privileged information; and

4.       Grant such other and further relief as the Court may deem proper in the circumstances.

Dated: August 25, 2014

                                        THE OFFICIAL COMMITTEE OF
                                      UNSECURED CREDITORS

                                      By: _____
                                      Authorized Representative for the Pension
                                      Benefit Guaranty Corporation, Chair of the
                                      Official Committee of Unsecured Creditors